NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAMIL ALEXANDER ROJAS RUIZ; LESLIE ELENA RUFFASTO LIVIA; YARED YAMIL ROJAS RUFFASTO, | No. 24-2398 |
| Petitioners, | Agency Nos. A240-915-212 A240-915-213 A240-915-214 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025[**]
Pasadena, California

Before: IKUTA and R. NELSON, Circuit Judges, and EZRA,[***] District Judge.

Yamil Alexander Rojas Ruiz and members of his family (collectively,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Petitioners) petition for review of the Board of Immigration Appeals' decision affirming the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.  Substantial evidence supports the agency's determination that the harm Petitioners experienced in Peru did not rise to the level of persecution. Although Mr. Rojas Ruiz was punched and kicked when extortionists broke into his home, he did not seek medical treatment, which reflects a lack of significant physical violence, and a reasonable fact-finder could conclude that this violence did not rise to an "extreme" level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009). Additionally, although Mr. Rojas Ruiz took out a loan to pay extortion demands, the record does not compel the conclusion that he experienced "substantial economic deprivation that constitutes a threat to life or freedom." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (quotation omitted). For these reasons, the record does not compel the conclusion that Petitioners suffered past persecution. The record also does not compel the conclusion that Petitioners have a well-founded fear of future persecution based on their claimed particular social groups or their country conditions evidence.

2.  The agency properly concluded that Petitioners' proposed particular social groups are not cognizable. *Cf. Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th

2

Cir. 2016). The proposed groups encompass large swaths of people and various cross-sections of Peruvian society. There is no distinction based on geography or type of crime experienced. And the agency properly concluded that the evidence shows only that "all segments of the [Peruvian] population [are] adversely affected by the brutality" of criminals and armed groups, rather than the proposed groups being recognized as distinct. *Diaz-Torres v. Barr*, 963 F.3d 976, 981 (9th Cir. 2020); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1081 (9th Cir. 2020) ("a particular social group *must* 'exist independently' of the harm asserted in an application for asylum or statutory withholding of removal" (quotation omitted)). For these reasons, and because there is no "clear benchmark for determining who falls within the group," the proposed social groups lack particularity. *Diaz-Reynoso*, 968 F.3d at 1077 (internal quotation omitted). Accordingly, because Petitioners have failed to establish a cognizable particular social group, they have not met their burden of establishing eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. Substantial evidence also supports the determination that Petitioners are not eligible for CAT relief. Petitioners have not established past torture or that it is more likely than not they would be tortured if they were returned to Peru. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959–60 (9th Cir. 2021).

**PETITION DENIED.**